MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.: 973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com
*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In Re:

MOXY RESTAURANT ASSOCIATES INC.

       Debtor

---------------------------------------------------------X

Chapter 11

Case No.: 24-10449-MEW

## MOTION FOR AN ORDER (I) AUTHORIZING DEBTOR'S USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SEC. 363(C)(2) AND BANKRUPTCY RULE 4001 ON AN INTERIM BASIS AND PROVIDING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. SEC. 361 AND 362 AND (II) SCHEDULING A FINAL HEARING

Moxy Restaurant Associates, Inc ("Moxy") by and through their proposed attorneys Mandelbaum Barrett PC, files this motion (the "Motion") for entry of an Order (I) Granting On An Interim Basis Debtor's Use Of Cash Collateral Pursuant To 11 U.S.C. Sec. 363 And Providing Adequate Protection Pursuant To 11 U.S.C. Sec. 361 and 362 an (II) Scheduling A Final Hearing, and respectfully states as follows:

**Summary of Relief In Accordance With Rule 4001(b)(1)(B)**

| | |
|---|---|
| Names of entities with interest in cash collateral: | JPMorgan Chase Bank<br>U.S. Small Business Administration |
| Purposes of use of cash collateral: | Business operations |
| Material terms of use of cash collateral: | Standard cash collateral order provisions: replacement liens, carve-out, interest payments (Interim Order para. 2, 4), termination provision (Interim Order para 9) |

1

| Adequate protection: | Post-petition interest payments, replacement liens (Interim order para. 2) |
|---|---|

**INTRODUCTION AND JURISDICTION**

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b) and 157(a)-(b). This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are §§ 105(a), 361, 362 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

4. On March 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor is operating its business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. On March 21, 2024, pursuant to 11 U.S.C. § 1183(a), the United States Trustee appointed Samuel Dawidowicz as Subchapter V Trustee (the "Subchapter V Trustee").

6. No entity has requested the appointment of a trustee or examiner in this Chapter 11 case, although a creditor has filed a motion to expand the powers of the Subchapter V Trustee, which is on for hearing May 7, 2024.

7. A description of the Debtor's businesses and facts precipitating the filing of the Debtor's Chapter 11 proceeding is set forth in the Affidavit of Thomas McCarthy Pursuant To

2

Local Bankruptcy Rule 1007-2 (the "McCarthy Affidavit") filed on March 22, 2024. Those facts are incorporated herein by reference.

8. As set forth in the McCarthy Certification, the Debtor operates an Irish bar and restaurant located in midtown Manhattan doing business as Smithfield Hall, primarily catering to soccer fans.

### Pre-petition Secured Debt

9. The Debtor entered into a Credit Agreement with JPMorgan Chase on February 10, 2020 for a line of credit in the principal amount of $50,000. The Debtor entered into a security agreement in connection with this credit agreement, which provided JPMorgan Chase with a security interest in, inter alia, accounts and proceeds thereof. JPMorgan Chase filed a UCC-1 with the NY Secretary of State with respect to this security agreement on February 13, 2020, File Number 202002135196560.

10. The Debtor entered into a second Credit Agreement with JPMorgan Chase on December 27, 2023 for a line of credit in the principal amount of $200,000. The Debtor entered into a security agreement with this credit agreement, which provided JPMorgan Chase with a security interest in, inter alia, accounts and proceeds thereof. JPMorgan Chase filed a UCC-1 with the NY Secretary of State respect to this security agreement on January 9, 2024, File Number 202401095046762.

11. The Debtor obtained two Paycheck Protection Program loans from the U.S. Small Business Administration. The U.S. SBA filed a UCC-1 with the NY Secretary of State on September 5, 2020, File Number 202009057527776, asserting a security interest in, inter alia, accounts and proceeds thereof.

12. JPMorgan Chase and the U.S. SBA are collectively referenced herein as the "Lenders"). As of the Petition Date, JPMorgan Chase is owed $ 143,978.97 and the U.S. SBA is owed $104,474.

### Relief Requested

13. The Debtor submits this Motion pursuant to Bankruptcy Code §363(c)(2)(B), 361, and 362 and Bankruptcy Rule 4001(b) respect to its request for authority to use property which may constitute cash collateral ("Cash Collateral") in which the Lenders are likely to assert a security interest, substantially in accordance with the terms and conditions set forth in the proposed Interim Order (the "Order") annexed hereto as Exhibit A. The Debtor believes that the Lenders are the only parties with a security interest in its cash collateral.

14. The proposed Order grants Debtor the authority to use the Cash Collateral pursuant to Bankruptcy Code §§363(c)(1) and (2) and Bankruptcy Rule 4001(c) to the extent necessary to continue the operation of its business and to preserve the value of its estate during the course of the Chapter 11 case.

15. Section 363(a) of the Bankruptcy Code states as follows:

In this section, "cash collateral" means cash, negotiable

instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of properties subject to a security interest as provided in Section 552(b) of this title, whether existing before or after the commencement of a case under this title.

16. Section 363(d) of the Bankruptcy Code provides as follows:

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section only to the extent not inconsistent with any relief granted under section 362(c), 362(e), or 362(f) of this title.

4

17. Pursuant to § 363(c)(2) of the Bankruptcy Code, the consent of secured creditors or authority from this Court is required to use cash collateral.

**Adequate Protection**

18. "The goal of adequate protection is to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization." *In re 495 Central Park Ave. Corp.*, 136 B.R. 626 (Bankr. S.D.N.Y. 1992) (citations omitted). "The statute confers upon 'the parties and the courts flexibility by allowing such other relief as will result in the realization by the protected entity of the value of its interest in the property involved.'" *Id.*

19. Because the term "adequate protection" is not defined in the Bankruptcy Code, the precise contours of the concept are necessarily determined on a case-by-case basis. *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996); *In re Beker Industries Corp.*, 58 B.R. 725 (Bankr. S.D.N.Y. 1986); *see also In re JKJ Chevrolet, Inc.*, 190 B.R. 542, 545 (Bankr. E.D.Va. 1995) (adequate protection is a flexible concept that is determined by considering the facts of each case).

20. The proposed order provides that, as adequate protection for the Debtor's use of cash collateral and in consideration therefor, Debtor shall grant replacement liens in all of its pre-petition and post-petition assets and proceeds, to the extent that the Lenders have valid security interests in said pre-petition assets on the Petition Date and in the continuing order of priority that existed as of the Petition Date (the "Replacement Liens").

21. The Replacement Liens shall be subject and subordinate only to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 cases and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection with any investigation of the nature, extent and validity of Lenders' liens and security

interests in an amount not to exceed $10,000; and (iv) the fees and commissions of a hypothetical Chapter 7 trustee in an amount not to exceed $10,000 (collectively, the "Carve-Outs").

22. The Debtor submits that, in order to preserve its estate and enable the Debtor to operate its business, the Lenders should be granted Replacement Liens with the same nature, extent and validity of their pre-petition liens, subject to investigation by any creditors in the Debtor's Chapter 11 case, and subject to their relative priority as of the Petition Date.

23. Finally, the Debtor respectively submits that the Lender is adequately protected because use of Cash Collateral will enhance the Debtor's ability operate, which will preserve the Lenders' collateral. Without use of Lender's cash collateral, the Debtor will be unable to pay their ordinary course expenses, and would not be able to reorganize.

24. Finally, the Debtor proposed to provide the Lenders with monthly post-petition interest payments at the non-default rate.

### The Budget

25. The Debtor proposes to use cash collateral only for ordinary and necessary limited operating expenses substantially in accordance with the monthly operating budgets annexed hereto as Exhibit B (the "Budget"). The Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of Debtor's business for the period set forth in the Budget. Debtor believes that the use of cash collateral in accordance with the Budget will provide it with adequate liquidity to pay administrative expenses as they become due and payable during the period covered by the Budget.

### Request for Preliminary Relief

26. Typically, a motion for authority to use cash collateral may commence no earlier than 14 days after service of the motion pursuant to Bankruptcy Rule 4001(b)(2). However, that

same rule provides that the court may conduct a preliminary hearing before such 14 day period expires under certain circumstances. Here, the Budget represents ordinary business expenses. The Debtor requests a preliminary hearing in order to prevent irreparable and immediate harm to its business.

### Request for Waiver of Stay

27. The Debtor further seeks a waiver of the stay of the effectiveness of the order that may be imposed by any applicable Bankruptcy Rule. As set forth above, the use of cash collateral is essential to prevent potentially irreparable damage to Debtor's value and ability to reorganize. Accordingly, the Debtor submits that sufficient cause exists to justify a waiver of any stay imposed by the Bankruptcy Rules, to the extent applicable.

### NOTICE

16. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) the Lenders, (c) those creditors holding the twenty largest unsecured claims against the Debtor's estate, (d) the Subchapter V Trustee, and (e) those parties who filed a notice of appearance. The Debtor submits that no other or further notice need be provided.

17. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order granting the Motion and such other relief as the Court deems just and appropriate under the circumstances.

Dated: Roseland, NJ
     April 22, 2024

                              Respectfully submitted,

                              Mandelbaum Barrett PC

By:     /s/ Vincent J. Roldan
Vincent J. Roldan
*Proposed Attorneys for Debtor and Debtor-in-Possession*
3 Becker Farm Road
Roseland, NJ 07068
973-974-9815
vroldan@mblawfirm.com