MANDELBAUM BARRETT PC
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Ph.:  973-736-4600
Fax: 973-736-4670
Vincent J. Roldan
vroldan@mblawfirm.com
*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:

MOXY RESTAURANT ASSOCIATES INC.

                          Debtor
--------------------------------------------------------X

Chapter 11

Case No.:  24-10449-MEW


## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL


**UPON** the motion ("Motion") of Moxy Restaurant Associates Inc. ("Debtor"), the above-captioned debtor and debtor-in-possession which seeks authority to, inter alia, use cash collateral in which JPMorgan Chase Bank N.A. ("JPMC") and the U.S. Small Business Administration ("SBA" and collectively with JPMC, "Lenders") have asserted a security interest pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy Procedure 4001; and a hearing having been held on April 23, 2024 (the "Interim Hearing") held pursuant to Bankruptcy Rule 4001(b)(2), and any or all objections to the Motion having been withdrawn, overruled or resolved, and upon the record taken at the Interim Hearing, and all of the pleadings heretofore filed in this proceeding, it is hereby found and determined as follows:

1

A.      On March 19, 2024 (the "<u>Petition Date</u>"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"), and has continued in possession of its property and the management of their business pursuant to 11 U.S.C. §§1107 and 1108.

B.      This Court has jurisdiction over this proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §1408 and §1409.  Notice of relief sought herein was adequate and appropriate as contemplated by 11 U.S.C. §102(1)(A) and Fed. R. Bankr. P. 4001(b)(2).

C.      No trustee or examiner has been heretofore appointed in this proceeding.

D.      Debtor operates a bar and restaurant in Manhattan, NY.

E.      The use of the Debtor's personal property which constitutes cash collateral (the "<u>Cash Collateral</u>") is essential to the continued operation of its business, and the preservation of its estate.

F.      Continued use of the Cash Collateral on an interim basis pending a final hearing currently scheduled for May __, 2024 (as may be adjourned from time to time, the "<u>Final Hearing</u>") is necessary to prevent immediate and irreparable harm to Debtor's estate in that without authorization to use the Cash Collateral, Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

G.      The value of Debtor's estate will be maximized by the continuation of Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

Based on the foregoing, the Motion is granted to the extent provided herein:

1.      Effective nunc pro tunc as of the Petition Date and continuing through and including the Final Hearing date (the "<u>Interim Period</u>"), Debtor is authorized to use the Cash

2

Collateral on an interim basis subject to the terms of this Order and in accordance with the budget attached hereto (the "Budget"), subject to a 10% aggregate variance or upon further consent of Lenders or further order of this Court. At the Final Hearing, the Court will consider Debtor's request to use Collateral after the Interim Period.

2.      In addition to any existing rights and interests of Lenders in the Cash Collateral and for the purpose of adequately protecting them from collateral diminution, Lenders are hereby granted replacement liens ("Replacement Liens"), to the extent that said liens in pre-petition Cash Collateral were valid, perfected and enforceable in the continuing order of priority of their pre-petition liens without determination herein as to the nature, extent and validity of said pre- petition liens and claims and to the extent collateral diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11 professionals duly retained in the Chapter 11 case for unpaid fees and expenses up to $10,000, and to the extent awarded pursuant to Sections 330 or 331 of the Code; (ii) statutory fees pursuant to 28 U.S.C. Section 1930 and interest, if any, pursuant to 31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection with any investigation of the nature, extent and validity of Lenders' liens and security interests in the amount not to exceed $10,000; and (iv) all reasonable fees, commissions and expenses incurred by a hypothetical Chapter 7 trustee pursuant to 11 U.S.C. § 726(b) in an amount not to exceed $10,000 (collectively, the "Carve Out"). As further adequate protection of Lenders' interests, Debtor shall make regular monthly interest payments to Lenders at the pre-petition non-default rate.

3.      The liens and security interests granted herein are hereby deemed perfected without the necessity for filing or executing documents which might otherwise be required under non-bankruptcy law for perfection of said security interests.

4869-4989-5863, v. 1

4.      In addition to the above, as further adequate protection of Lenders' interest, the claim which arises in favor of Lenders as a result of and to the extent of any diminution in value of Lenders' Collateral, if any, as the result of the Debtor's use of Cash Collateral in accordance with any order of the Court, shall be and hereby is secured by first and senior security interests and liens in favor of Lenders in all assets and properties of the Debtor of any kind or nature, now existing or hereafter arising or acquired, subject only to existing senior and valid and perfected liens, if any, on said property as of the Petition Date, and also subject to the Carve Out, and shall have priority in payment over any and all obligations of the Debtor now in existence or hereinafter incurred by the Debtor and over all administrative expenses of the kind specified in or allowable under sections 503(b), or 507(b) of the Bankruptcy Code, other than the fees owed to the United States Trustee under 28 U.S.C. § 1930, and interest, if any, under 37 U.S.C. § 3717.

5.      The obligations of the Debtor and rights of Lenders hereunder are in addition to, and not in lieu or substitution of, the rights or obligations of the parties otherwise existing as of the Petition Date. Nothing herein shall be construed to waive or alter Lenders' rights with respect to the Debtor, guarantors and/or co-borrowers, or to constitute a novation of any agreement.

6.      Lenders through designated agents and upon reasonable notice to the Debtor, shall have the right at any time during normal business hours, to inspect, audit, and examine their Collateral, check and make copies of, and extract information from the Debtor's books and records, and the Debtor shall make its books and the Collateral records freely available to Lenders for such purposes, upon the premises of the Debtor. Lenders reserve their rights to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

7.      The Debtor shall timely pay any and all premiums in respect of any and all policies of insurance, in order that the insurance so required to be maintained shall be in full force and effect at all times. Evidence of the Debtor's insurance payments shall be delivered to Lenders within a reasonable time after such insurance payment is paid. The Debtor shall immediately report to Lenders and the United States Trustee notice of any change in the status of Debtor's insurance coverage.

8.      The Debtor shall timely pay all taxes and assessments for the post-petition period in respect of its business that are or hereafter become due and owing, the non-payment of which could result in the creation of a lien against the Collateral or the property which is subject to Lenders' liens. Evidence of the Debtor's tax payments shall be delivered to Lenders within a reasonable time after such tax payment is paid.

9.      Notwithstanding anything to the contrary in this Order, Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, upon the fifth (5th) business day following the delivery of written notice to counsel to the Debtor, the SubChapter V Trustee, and counsel to the United States Trustee, by Lenders of any breach or default by Debtor of the terms and provision of this Order, unless Debtor shall have cured such breach or default within such five (5) business day period, (b) upon the entry of an order of the Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case, after notice and a hearing, or (c) upon the entry of an order of the Court.

10.     The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, priority

5

or benefit, if any, or application of payment authorized hereby with respect to any indebtedness of the Debtor to Lenders or Grant.

11.    This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

12.    The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

13.    Objections to the final relief requested in the Motion shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers of the Honorable Michael E. Wiles, and served upon (i) Mandelbaum Barrett PC, 3 Becker Farm Road, Roseland NJ 07068 Attn: Vincent J. Roldan, Esq. (ii)  the U.S. Trustee, Alexander Hamilton Custom House, One Bowling Green Ste 534, New York, NY 10004 (Attn: Gregory M. Zipes), and (iii) the SubChapter V Trustee at 215 East 68th Street,  Ste 20m, New York, NY 10065 (Attn: Samuel Dawidowicz) so as to be received no later than May ___, 2024 at 12:00 noon EST.


 Dated: April ___, 2024
        New York, NY



_____
United States Bankruptcy Judge

4869-4989-5863, v. 1